UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY G. HAYDOCK, BARBARA MOSS, MARGARET REICHENBACH and JOHN REICHENBACH<br><br>Defendants. | Civil Action No. |

# COMPLAINT FOR DECLARATORY JUDGMENT

## INTRODUCTION

1. The Plaintiff, The Automobile Insurance Company of Hartford, Connecticut (one of The Travelers Property Casualty Companies and referred to herein as "Travelers"), seeks declarations, pursuant to 28 U.S.C. §§2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, that it has no duty to indemnify the Defendants, Dr. Timothy G. Haydock ("Haydock") and Ms. Barbara Moss ("Moss") against Count I (Violation of Massachusetts Civil Rights Act) or Count III (Intentional Interference with Contractual Relations) of an underlying lawsuit *Reichenbach et al. v. Haydock et al.*, Civil Action No. 1573CV00938 pending in the Bristol Count Superior Court ("the Underlying Action") or to defend Haydock or Moss with respect to the Underlying Action.  Travelers also seeks a declaration that Defendants Margaret and John Reichenbach ("the Reichenbachs") have no reach and apply rights against Travelers with respect to the judgments entered against Moss and Haydock in the Underlying Action.

2. In the Underlying Action, the Reichenbachs brought a three-count lawsuit against Haydock and Moss, contending that both engaged in unlawful or tortious conduct in an attempt to prevent the Reichenbachs from building a house at 29 Mattarest Lane in South Dartmouth, Massachusetts.  As noted, Count I alleged violations of the Massachusetts Civil Rights Act and Count III alleged intentional interference with contractual relations between the Reichenbach and their building contractor.  Count II alleged that Moss and Haydock trespassed on the Reichenbachs' property.

3. On March 3, 2023, after trial, the jury returned a verdict in favor of the Reichenbachs assessing damages separately against Moss and Haydock.  On May 3, 2024, after awarding attorneys' fees and costs in favor of the Reichenbachs, the trial court entered judgment against Haydock in the amount of $5,533,924.24 and against Moss in the amount of $6,753,177.04.

4. Travelers does not dispute that coverage under its insurance policies exists for the liability of Moss and Haydock to the Reichenbach's under Count II.  On November 12, 2024, Travelers therefore tendered full payment to the Reichenbachs on the Count II portions of the judgments, including all accrued post-judgment interest on those portions of the judgments.

5. Travelers asks the Court, pursuant to 28 U.S.C. §§2201 and 2202, to enter judgment declaring and/or finding that: (a) Travelers has no duty to indemnify the Defendants under the Moss Policies with respect to any amounts awarded to the Reichenbachs under Count I and Count III of the Underlying Action, (b) Travelers has no continuing duty to defend the Defendants against Count I or Count III and (c) the Reichenbachs have no rights under the Moss Policies with respect to the Count I and Count III judgment amounts.

## THE PARTIES

6.  The Automobile Insurance Company of Hartford Connecticut is an insurance company organized under the laws of Connecticut with a principal place of business in Hartford, Connecticut.

7.  Haydock is an individual who owns property at 28 Mattarest Lane, South Dartmouth, MA 02708 and resides either at that property or in the State of New York.

8.  Moss is an individual who owns property 84 Croton Lake Road, Katonah, New York and resides either at that property or at 28 Mattarest Lane, South Dartmouth, Massachusetts.

9.  Defendant Margaret Reichenbach is an individual who resides at 29 Mattarest Lane, South Dartmouth, MA 02708.  Mrs. Reichenbach is a judgment creditor of both Moss and Haydock.

10. Defendant John Reichenbach is an individual who resides at 29 Mattarest Lane, South Dartmouth, MA 02708.  Mr. Reichenbach is a judgment creditor of both Moss and Haydock.

## JURISDICTION AND VENUE

11. Complete diversity of citizenship exists between the Travelers and all defendants and the amount in controversy as to each defendant exceeds $75,000, exclusive of interest and costs.  The Court therefore has subject matter jurisdiction over this dispute under 28 U.S.C. §1332(a)(1).

12. Some or all the Defendants reside in the District of Massachusetts.

13. A substantial part of the events giving rise to the matters in dispute between the parties occurred in the District of Massachusetts.

14. Venue is appropriate in the District of Massachusetts pursuant to 28 U.S.C. §1391(a)(1) and (2).

## THE MOSS POLICIES

15. Travelers issued the following primary homeowners policies ("the Primary Homeowners Policies") and umbrella level policies ("the Umbrella Policies")[1] to Barbara Moss:

| Policy Numbers | Policy Limits | Policy Period |
|---|---|---|
| 039863804-633 (Primary Homeowners) | $300,000 | 10/07/2010 to 10/07/2011 |
| 3047852873119 (Umbrella) | $1,000,000 | 10/07/2010 to 10/07/2011 |
| 039863804-633 (Primary Homeowners) | $300,000 | 10/07/2011 to 10/07/2012 |
| 3047852873119 (Umbrella) | $1,000,000 | 10/07/2011 to 10/07/2012 |
| 039863804-633 (Primary Homeowners) | $300,000 | 10/07/2012 to 10/07/2013 |
| 3047852873119 (Umbrella) | $1,000,000 | 10/07/2012 to 10/07/2013 |
| 039863804-633 (Primary Homeowners) | $300,000 | 10/07/2013 to 10/07/2014 |
| 3047852873119 (Umbrella) | $1,000,000 | 10/07/2013 to 10/07/2014 |
| 039863804-633 (Primary Homeowners) | $300,000 | 10/07/2014 to 10/07/2015 |
| 3047852873119 (Umbrella) | $1,000,000 | 10/07/2014 to 10/07/2015 |
| 039863804-633 (Primary Homeowners) | $300,000 | 10/07/2015 to 10/07/2016 |
| 93427959 (Umbrella) | $1,000,000 | 08/07/2015 to 08/07/2016 |

16. True and accurate copies of the Primary Homeowners Policies are attached as Exhibits 1, 2, 3, 4, 5 and 6.

17. True and accurate copies of the Umbrella Policies are attached as Exhibits 7, 8, 9, 10, 11 and 12.

18. Subject to exclusions and other terms and conditions, the Primary Homeowners Policies each include personal liability insurance coverage as follows:

> If a claim is made or a suit is brought against any **insured** for damages because of **bodily injury**, **personal injury** or **property damage** caused by an **occurrence** to which this coverage applies, we will:
>
> (a) pay up to our limit of liability for the damages for which the **insured** is legally liable; and

---

[1] Collectively, the Primary Homeowners Policies and the Umbrella Policies are referred to herein as "the Moss Policies".

4

    (b) provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate.

19. Moss and Haydock contend, and Travelers does not dispute, that both Moss and Haydock qualify under the Primary Homeowners Policies as an "insured."

20. The remaining highlighted terms in the policy provision set forth in Paragraph 17 above are defined as follows in the Primary Homeowners Policies:

- **"bodily injury"** means bodily harm, sickness or disease, including care, loss of services and death that results.

- **"property damage"** means physical injury to or destruction of tangible property, including loss of use of this property.

- **"personal injury"** means injury arising out of one or more of the following offenses: (a) false arrest, detention or imprisonment; (b) malicious prosecution; (c) libel, slander, or defamation of character; or (d) invasion of privacy, wrongful eviction, or wrongful entry.

- **"occurrence"** means either (1) an accident, including exposure to conditions, which results, during the policy period, in: (a) **bodily injury**; or (b) **property damage** or (2) offenses which result, during the policy period, in **personal injury.**

21. The liability coverage provided by each of the Primary Homeowners policies is subject to certain exclusions. Without limitation, these include exclusions stating that there is no coverage provided for the following:

- Damages because of **bodily injury** or **property damage** which is expected or intended by any **insured**;

- Damages because of **bodily injury** or **property damage** arising out of any premises owned or rented to any insured which is not an **insured location**;

- Damages because of **personal injury** which is caused by a violation of a penal law or ordinance committed by or with the knowledge or consent of any **insured**.

5

22. The personal liability coverage provided by each of the Umbrella Policies, again subject to exclusions and other policy terms and conditions, is as follows:

> [W]e will pay damages for which an "insured" becomes legally liable due to "bodily injury", "property damage", or "personal injury" caused by an "occurrence". This coverage applies only to damages in excess of the "retained limit".

23. Moss and Haydock contend, and Travelers does not dispute, that both Moss and Haydock qualify under the Umbrella Policies as an "insured."

24. The Umbrella Policies define the terms "bodily injury", "property damage", "personal injury" and "occurrence" in the same or similar way as these terms are defined under the Homeowners Primary Policies. "Retained Limit" is defined as follows:

- "Retained Limit" means the greater of:
    a. The total limits of any other insurance that applies to the "occurrence" which is available to an "insured"; or
    b. The applicable deductible amount shown in the "Declarations".

24. The Declarations of each Umbrella Policy lists the applicable deductible amount as $300,000 per occurrence.

25. Like the Primary Homeowners Policies, the Umbrella Policies exclude coverage for damages due to (a) bodily injury or property damage that is expected or intended by any insured and (b) personal injury due to the violation of a penal statute or ordinance by or with the knowledge of an insured.

26. The Umbrella Policies also exclude coverage for damages due to bodily injury or personal injury arising out of "physical or mental abuse."

27. The Primary Homeowners Policies each have a limit of liability of $300,000 per occurrence. The Umbrella Policies each have a limit of liability of $1,000,000 per occurrence, attaching only in excess of the defined per occurrence retained limit.

6

## THE UNDERLYING CLAIMS

28.     Moss and Haydock were sued by the Reichenbachs in the Underlying Action in 2015.  As noted, the complaint included three counts.  Count I was for violation of the Massachusetts Civil Rights Act.  Count II was for trespass.  Count III was for intentional interference with contractual relations.

29.     The Reichenbachs alleged that Moss and Haydock engaged in a pattern of behavior designed to delay the construction of the Reichenbach's house through repeated appeals and challenges to various civil authorities, including but not limited to the Dartmouth Conservation Commission, the Massachusetts Department of Environmental Protection and the Federal Emergency Management Agency.

30.     These actions and others were alleged to have caused significant delays to the construction of the Reichenbach's house, to have substantially increased the cost and duration of the construction and prevented the Reichenbachs from the enjoyment of their property.

31.     Additionally, the Reichenbachs alleged Moss and Haydock both trespassed on their property during the construction of their home, with specific allegations made of trespass by Haydock on May 3, 2013 and by Moss on February 19, 2014.

32.     Nearly 4 years later, in 2019, Moss and Haydock first notified Travelers of the Reichenbachs' Underlying Action.  Subject to a full reservation of rights (including as to whether the 2019 notice was a prejudicial violation of Moss and Haydock's notice obligations under the Moss Policies), Travelers agreed to provide a defense to Moss and Haydock.  A copy of Travelers' reservation of rights correspondence is attached as Exhibit 13.

33.     On April 11, 2022, Travelers again wrote to Moss and Haydock with a second reservation of rights letter.  A copy of that correspondence is attached as Exhibit 14.

34.     Trial commenced in January 2023. On or about March 3, 2023, a jury returned a verdict against both Moss and Haydock on all counts. A copy of the verdict slip is attached as Exhibit 15.

35.     The jury awarded damages on each count as follows:

| Count | Barbara Moss | Timothy Haydock |
|---|---|---|
| Count I: Massachusetts Civil Rights Act | $1,000,000 | $500,000 |
| Count II: Trespass | $150,000 | $50,000 |
| Count III: Intentional Interference with Contractual Relations | $1,000,000 | $1,000,000 |

36.     Pursuant to a motion filed by the Reichenbachs, the Superior Court awarded the Reichenbachs $2,383,816.09 in attorney's fees and expenses for the Massachusetts Civil Rights Act violations found by the jury.

37.     On May 3, 2024, the Superior Court entered judgments against each of the Defendants. The judgment entered against Haydock included damages per the jury verdict in the amount of $1,550,000. With prejudgment interest of $1,599,713.15, the judgment amount was $3,149,713.15. Also included in the judgment were $395.00 in statutory fees and the $2,383,816.09 in attorney's fees and expenses for the Massachusetts Civil Rights Act violation, for a total judgment in the amount of $5,533,924.24. A copy of the judgment entered against Timothy Haydock is attached as Exhibit 16.

38.     The judgment entered against Barbara Moss included damages per the jury verdict in the amount of $2,150,000. With prejudgment interest of $2,218,956.95, the judgment amount was $4,368,965.95. Also included in the judgment were $395.00 in statutory fees and the $2,383,816.09 in attorney's fees and expenses for the Massachusetts Civil Rights Act

violation, for a total judgment in the amount of $5,533,924.24. A copy of the judgment entered against Barbara Moss is attached as Exhibit 17.

39. Moss and Haydock have filed motions seeking entry of judgment in their favor notwithstanding the verdict and, in the alternative, for a new trial. The Reichenbachs have opposed those motions. The motions, along with other post-trial motions, remain pending with the Superior Court.

40. On the trespass count of the Underlying Action (Count II), the liability of Moss and Haydock under the judgments, including statutory post judgment interest through November 13, 2024, is as follows

|  | Timothy Haydock | Barbara Moss |
|---|---|---|
| Damages | $50,000.00 | $150,000.00 |
| Pre-Judgment Interest | $51,603.65 | $154,810.95 |
| Total | $101,603.65 | $304,810.95 |
| Post-Judgment Interest Per Diem (0.000329) | $33.4276 | $100.2828 |
| Post Judgment Interest through November 13, 2024 (194 days) | $6,484.95 | $19,454.86 |
| Total Due For Trespass through November 13, 2024 | $108,088.60 | $324,265.81 |

41. On November 12, 2024, Travelers tendered full payment ($432,354.41) to the Reichenbachs on the Count II portions of the judgments, $108,088.60 for Timothy Haydock and $324,265.81 for Barbara Moss.

9

### **COUNT I: No Duty To Indemnify Under The Homeowners Primary Policies For Count I of the Underlying Lawsuit**
### **(Moss and Haydock)**

42. Travelers repeats and incorporates as if fully set forth herein the allegations of paragraph 1 through 41 above.

43. An actual and justiciable controversy exists between Travelers, Moss and Haydock as to whether Travelers has a duty to indemnify Moss and Haydock with respect to the damages awarded on Count I (violation of the Massachusetts Civil Rights Act) of the Underlying Lawsuit under the Homeowners Primary Policies.

44. Travelers has no duty to indemnify Moss or Haydock under the Homeowners Primary Policies with respect to the damages awarded under Count I of the Underlying Lawsuit for reasons that include, without limitation, each of the following:

- The damages awarded are not because of "bodily injury", "property damage" or "personal injury", as those terms are defined in the Homeowners Primary Policies.

- If any of the damages awarded were because of "bodily injury", "property damage" or "personal injury", as those terms are defined in the Homeowners Primary Policies (which they were not), no such "bodily injury", "property damage" or "personal injury" was caused by an "occurrence" as the term "occurrence" is defined in the Homeowners Primary Policies.

- If any of the damages awarded were because of otherwise covered "bodily injury" or "property damage" as those terms are defined in the Homeowners Primary Policies (which they were not), Travelers has no duty to indemnify Moss or

10

    Haydock because any such "bodily injury" or "property damage" was expected or intended by Moss and/or Haydock.

- If any of the damages awarded were because of otherwise covered "personal injury" as that term is defined in the Homeowners Primary Policies (which they were not), Travelers has no duty to indemnify Moss or Haydock because any such "personal injury" was caused by the violation of a penal law or ordinance committed by or with the consent of Moss and/or Haydock.

45. Accordingly, Travelers is not obligated to indemnify Moss or Haydock with respect to the damages awarded on Count I (violation of the Massachusetts Civil Rights Act) of the Underlying Lawsuit under the Homeowners Primary policies.

### COUNT II: No Duty To Indemnify Under The Homeowners Primary Policies For Count III of the Underlying Lawsuit
### (Moss and Haydock)

46. Travelers repeats and incorporates as if fully set forth herein the allegations of paragraph 1 through 45 above.

47. An actual and justiciable controversy exists between Travelers, Moss and Haydock as to whether Travelers has a duty to indemnify Moss and Haydock with respect to the damages awarded on Count III (intentional interference with contractual relations) of the Underlying Lawsuit under the Homeowners Primary policies.

48. Travelers has no duty to indemnify Moss or Haydock under the Homeowners Primary policies with respect to the damages awarded under Count III of the Underlying Lawsuit for reasons that include, without limitation, each of the following:

- The damages awarded are not because of "bodily injury", "property damage" or "personal injury", as those terms are defined in the Moss Policies.

11

- If any of the damages awarded were because of "bodily injury", "property damage" or "personal injury", as those terms are defined in the Homeowners Primary policies (which they were not), no such "bodily injury", "property damage" or "personal injury" was caused by an "occurrence" as the term "occurrence" is defined in the Moss Policies.

- If any of the damages awarded were because of otherwise covered "bodily injury" or "property damage" as those terms are defined in the Homeowners Primary policies (which they were not), Travelers has no duty to indemnify Moss or Haydock because any such "bodily injury" or "property damage" was expected or intended by Moss and/or Haydock.

49. Accordingly, Travelers is not obligated to indemnify Moss or Haydock with respect to the damages awarded on Count III (violation of the Massachusetts Civil Rights Act) of the Underlying Lawsuit under the Homeowners Primary policies.

### COUNT III: No Duty To Indemnify Under The Umbrella Policies For Count I of the Underlying Lawsuit (Moss and Haydock)

50. Travelers repeats and incorporates as if fully set forth herein the allegations of paragraph 1 through 49 above.

51. An actual and justiciable controversy exists between Travelers, Moss and Haydock as to whether Travelers has a duty to indemnify Moss and Haydock with respect to the damages awarded on Count I (violation of the Massachusetts Civil Rights Act) of the Underlying Lawsuit under the Umbrella policies.

52. Travelers has no duty to indemnify Moss or Haydock under the Umbrella policies with respect to the damages awarded under Count I of the Underlying Lawsuit for reasons that include, without limitation, each of the following:

- The damages awarded are not because of "bodily injury", "property damage" or "personal injury", as those terms are defined in the Umbrella Policies.

- If any of the damages awarded were because of "bodily injury", "property damage" or "personal injury", as those terms are defined in the Umbrella policies (which they were not), no such "bodily injury", "property damage" or "personal injury" was caused by an "occurrence" as the term "occurrence" is defined in the Umbrella policies.

- If any of the damages awarded were because of otherwise covered "bodily injury" or "property damage" as those terms are defined in the Umbrella policies (which they were not), Travelers has no duty to indemnify Moss or Haydock because any such "bodily injury" or "property damage" was expected or intended by Moss and/or Haydock.

- If any of the damages awarded were because of otherwise covered "bodily injury" or "personal injury" as those terms are defined in the Umbrella policies (which they were not), Travelers has no duty to indemnify Moss or Haydock because any such "bodily injury" or "personal injury" arose out of physical or mental abuse.

- If any of the damages awarded were because of otherwise covered "personal injury" as that term is defined in the Umbrella policies (which they were not), Travelers has no duty to indemnify Moss or Haydock because any such "personal

injury" was caused by the violation of a penal law or ordinance committed by or with the consent of Moss and/or Haydock.

53. Accordingly, Travelers is not obligated to indemnify Moss or Haydock with respect to the damages awarded on Count I (violation of the Massachusetts Civil Rights Act) and of the Underlying Lawsuit under the Umbrella policies.

### COUNT IV: No Duty To Indemnify Under The Umbrella Policies For Count III of the Underlying Lawsuit (Moss and Haydock)

54. Travelers repeats and incorporates as if fully set forth herein the allegations of paragraph 1 through 53 above.

55. An actual and justiciable controversy exists between Travelers, Moss and Haydock as to whether Travelers has a duty to indemnify Moss and Haydock with respect to the damages awarded on Count III (intentional interference with contractual relations) of the Underlying Lawsuit under the Umbrella policies.

56. Travelers has no duty to indemnify Moss or Haydock under the Umbrella policies with respect to the damages awarded under Count III of the Underlying Lawsuit for reasons that include, without limitation, each of the following:

- The damages awarded are not because of "bodily injury", "property damage" or "personal injury", as those terms are defined in the Umbrella policies.

- If any of the damages awarded were because of "bodily injury", "property damage" or "personal injury", as those terms are defined in the Umbrella policies (which they were not), no such "bodily injury", "property damage" or "personal injury" was caused by an "occurrence" as the term "occurrence" is defined in the Umbrella policies.

14

- If any of the damages awarded were because of otherwise covered "bodily injury" or "property damage" as those terms are defined in the Umbrella policies (which they were not), Travelers has no duty to indemnify Moss or Haydock because any such "bodily injury" or "property damage" was expected or intended by Moss and/or Haydock.

- If any of the damages awarded were because of otherwise covered "bodily injury" or "personal injury" as those terms are defined in the Umbrella policies (which they were not), Travelers has no duty to indemnify Moss or Haydock because any such "bodily injury" or "personal injury" arose out of physical or mental abuse.

57. Accordingly, Travelers is not obligated to indemnify Moss or Haydock with respect to the damages awarded on Count III (intentional interference with contractual relations) of the Underlying Lawsuit under the Umbrella policies.

### COUNT V: No Duty To Defend Count I or Count III
### of the Underlying Lawsuit
### (Moss and Haydock)

58. Travelers repeats and incorporates as if fully set forth herein the allegations of paragraph 1 through 57 above.

59. Travelers has no duty to defend Moss or Haydock under the Moss Policies against Count I of the Underlying Complaint if it obtains the relief sought in Counts I and III of this Complaint. Upon obtaining such relief, there will be no possibility coverage under the Moss Policies with respect to Count I of the Underlying Complaint and any duty to defend that did exist will be terminated as a matter of law.

60. Travelers has no duty to defend Moss or Haydock under the Moss Policies against Count III of the Underlying Complaint if it obtains the relief sought in Counts II and IV of this

15

Complaint. Upon obtaining such relief, there will be no possibility coverage under the Moss Policies with respect to Count III of the Underlying Complaint and any duty to defend that did exist will be terminated as a matter of law.

61. Travelers has no duty to defend Moss or Haydock under the Moss Policies against Count II of the Underlying Complaint because it has paid the full amount of the judgments entered in the Underlying Action with respect to Count II. No further defense against Count II is necessary.

### COUNT VI: Travelers Has No Obligation to Pay Portions of the Judgment Relating to Count I or Count III of the Underlying Lawsuit (The Reichenbachs)

62. Travelers repeats and incorporates as if fully set forth herein the allegations of paragraph 1 through 61 above.

63. On information and belief, the Reichenbachs contend they have rights against Travelers to reach and apply the Moss Policies to satisfy all or a portion of the judgments entered against Moss and Haydock, including the portions of those judgments relating to Counts I and III of the Underlying Complaint, pursuant to M.G.L. c. 175 §§ 112 and 113 and M.G.L. c. 214 §3(9) and/or other applicable law.

64. The Reichenbachs' rights against Travelers as a judgment creditor of Moss and Haydock pursuant to M.G.L. c. 175 §§ 112 and 113 and M.G.L. c. 214 §3(9) or other applicable law are no greater than Moss and Haydock's rights against Travelers under the Moss Policies and are contingent upon the existence of coverage under the Moss Policies.

65. The Reichenbachs have no such rights against Travelers with respect to the judgments entered against Moss and Haydock on Count I and Count III of the Underlying

16

Complaint (including the award of attorneys' fees under the Massachusetts Civil Rights Act) because no coverage exists under the Moss Policies for those portions of the judgments.

66. The Reichenbachs have no such rights against Travelers with respect to the judgments entered against Moss and Haydock on Count II of the Underlying Complaint because Travelers has tendered or paid all amounts due with respect to the Count II portions of the judgments.

67. Travelers therefore is entitled to a declaration that it has no obligation to make any further payment to the Reichenbachs as judgment creditors of Moss or Haydock.

## RELIEF REQUESTED

Travelers requests entry of a judgment in its favor on all Counts set forth herein, including, without limitation, the following relief:

1. A declaration that Travelers has no obligation to indemnify Moss or Haydock under the Primary Homeowners Policies with respect to Counts I and III of the Underlying Complaint;

2. A declaration that Travelers has no obligation to indemnify Moss or Haydock under the Umbrella Policies with respect to Counts I and III of the Underlying Complaint;

3. A declaration that Travelers has no obligation to indemnify Moss or Haydock under the Primary Homeowners Policies with respect to the award of attorneys' fees entered under Count I of the Underlying Complaint;

4. A declaration that Travelers has no obligation to indemnify Moss or Haydock under the Umbrella Policies with respect to the award of attorneys' fees entered under Count I of the Underlying Complaint;

5. A declaration that Travelers has no obligation to defend Moss or Haydock under the Primary Homeowners Policies with respect to Count I or Count III of the Underlying Complaint;

6. A declaration that Travelers has no obligation to defend Moss or Haydock under the Umbrella Policies with respect to Count I or Count III of the Underlying Complaint;

7. A declaration that Travelers has no further obligation to defend Moss or Haydock under the Primary Homeowners Policies with respect to Count II of the Underlying Complaint;

8. A declaration that Travelers has no further obligation to defend Moss or Haydock under the Umbrella Policies with respect to Count II of the Underlying Complaint;

9. A declaration that Travelers has no obligations to the Reichenbachs as judgment creditors of Moss and/or Haydock; and

10. Such other and further relief in favor of Travelers as the Court finds to be just and appropriate.

Respectfully submitted,

THE AUTOMOBILE INSURANCE COMPANY
OF HARTFORD, CONNECTICUT,
By its attorney,

*/s/ Kevin J. O'Connor*
Kevin J. O'Connor, BBO No. 555249
kevin.oconnor@clydeco.us
Brian J. O'Connor, BBO No. 691004
brian.oconnor@clydeco.us
CLYDE & CO. US LLP
265 Franklin Street, Suite 802
Boston, MA 02110-3113
(617) 728-0050

Dated: November 13, 2024