

**Nathan Plourde**
**Claim Professional**
*Travelers*
(860) 954-4773 Phone
(877) 786-5573 Fax
PO Box 430
Buffalo, NY 14240

<u>**By Certified Mail**</u>

October 17, 2019

Barbara R. Moss
84 Croton Lake Rd.
Katonah, NY 10536

**Reservation of Rights Letter**

| | |
|---|---|
| Our Policyholder: | Barbara Ragonese Moss |
| Our Claim Number: | IAN7660 |
| Date of Loss: | Alleged conduct starting in January of 2011 per Complaint |
| Policy Number: | Homeowners Policy No. 039863804-633 |
| Policy Periods: | Effective 10/7/2010 to 10/7/2011 |
| | Effective 10/7/2011 to 10/7/2012 |
| | Effective 10/7/2012 to 10/7/2012 |
| | Effective 10/7/2013 to 10/7/2014 |
| | Effective 10/7/2014 to 10/7/2015 |
| Claimant : | Margaret and John Reichenbach |
| RE: | <u>**M. and J. Reichenbach v. T. Haddock and B. Moss**</u> |

Dear Ms. Moss:

As you know you have sent to us the above titled summons and complaint (the "Complaint") that is filed in Bristol Superior Court against you and Timothy G. Haydock for potential defense and indemnification in this matter for both you and Mr. Haydock.  We have conducted a review of the above policies under policy number 039863804-633, with the above effective dates (the "Policy"), issued to you by Travelers and find that all or part of this claim may not be covered by the policy.

The purpose of this letter, which is known as a "Reservation of Rights" letter, is to inform you of our respective obligations and rights under the policy.  For the reasons set forth below, Travelers will provide you and Mr. Haydock with a defense in this suit, subject to the terms and conditions of the policy and our complete reservation of rights.

The Complaint filed by The Reichenbachs alleges Civil Rights violations, Trespass and Tortious Interference with Contractual Advantageous Relatioships.  Plaintiffs allege that you and Mr. Haydock interfered with their construction of their new home that is located next to the property owned by Mr. Haydock with threats, intimidation and coercion.  As a result The Reichenbach's alleged they have been harmed both financially and mentally.

Based upon the foregoing, the Complaint purports to assert the following causes of action:

COUNT I- **CIVIL RIGHTS**
Violation of M.G.L. Chapter 12 section H and I and Articles I, X, and XII of the
Massachusetts Delcaration of Rights

COUNT II- **TRESPASS**
Trespassing on the Reichenbach property.

COUNT III- **TORTIOUS INTERFERENCE WITH CONTRACTUAL ADVANTAGEOUS RELATIONSHIPS**

The Plaintiffs seek the following:

A. Award judgment to the Plaintiffs against Defendants, jointly and severally, on all counts of their Complaint in the amounts this Court feels just and proper.

B. Enter judgment to the Plaintiff's against Defendants, jointly and severally, for such amount to be determined for:

   (1) legal, engineering, and construction costs incurred as a result of Defendant's wrongful conduct
   (2) loss of use and enjoyment of their home; and
   (3) compensation for the mental anguish and apprehension Defendants have caused Mr. Reichenbach and Mrs. Reichenbach.

C. Enter judgment to the Plaintiffs against Defendants, jointly and severallyl, for damages resulting from Defendant's trespass on Plaintffs'  property, including securithy expenses and compensation for mental distress and apprehension.

D. Judgment for damages sustained as a result of Defendants' interference with Plaintiffs' contractual relations with Lars V. Olson Fine Home Builders.

E. Award Plaintiffs their costs and attorneys' fees incurred in bring and prosecuting this action.

F. Issue a permanent injunction ordering Defendants to refrain from:
   i.     Continuing to violoate the Reichenbachs' civil rights;
   ii.    Trespassing on the Reichenbachs' Property;
   iii.   Harrassing Plaintffs, their family members, guests, employees, independent contractors and delivery people regarding access and parking, except when someone is interfering with direct access to the property in which they reside or own;
   iv.    Restraining the liberty and free movement of persons; and
   v.     Crossing over the beach on the Reichinbach Property.

G. Grant Plantiffs a real estate attachment on the Haydock Property to secure the Judgment awarded.

We realize that you may dispute the above allegations. By referencing these allegations, Travelers does not imply that any of them are true. However, Travelers must review the allegations to determine any obligation it may have to you concerning the Reichenbach's lawsuit.

Please refer to the HOMEOWNERS 3- SPECIAL FORM, **HO-3 (12-86)** in the policy, which under **Section II – LIABILITY COVERAGES**, states in part:

### COVERAGE E. PERSONAL LIABILITY

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1.  Pay up to our limit of liability for the damages for which an "insured' is legally liable. Damages include prejudgment interest awarded against an "insured"; and

2.  Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decided is appropriate. Our duty to settle or defend ends when our limit of liability for the "occurrence" is exhausted by the payment of a judgment or settlement.

Please also refer to **Value Added Package-Plus Endorsement (58065 NY 02-99)** which aments the above to include the following as it pertains to **Coverge E. Personal Liability** as outlined above and under **HO-3 (12-86):**

### SECTION II - LIABILITY COVERAGES

### COVERAGE E - PERSONAL LIABILITY

This section is deleted and the following is substituted:

If a claim is made or a suit is brought against any insured for damages because of **bodily injury**, **personal injury** or **property damage** caused by an occurrence to which this coverage applies, we will:

a.    pay up to our limit of liability for the damages for which the insured is legally liable; and

b.    provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate.

In pertinent part, each policy noted above also included a **Value Added Package-Plus Endorsement (58065 NY 02-99)**. It provides coverage for "personal injury" that is defined as:

10. "**Personal injury**" means injury arising out of one or more of the following offenses:
   a. False arrest, detention or imprisonment;
   b. Malicious prosecution;
   c. Libel, slander, or defamation of character; or
   d. Invasion of privacy, wrongful eviction, or wrongful entry.

In addition to above **Value Added Package-Plus Endorsement (58065 NY 02-99)** also agrees to provide the following coverages:

**DEFINITIONS**

Under 6. "**Occurrence**", the following sentence is added:

It also means offenses which result, during the policy period, in **personal injury**.

Also, within your policy the following Conditions may apply to your claim:

**SECTION II- CONDITIONS**

**Duties After Loss.** In case of an accident or occurrence, the insured shall perform the following duties that apply.  You will help us in seeing that these duties are performed:

   **a.** give written notice to us or our agent as soon as is practical, which sets forth:
   **(1)** the indentity of the policy and insured;
   **(2)** reasonably available information on the time, place and circumstances of the accident or occurrence; and
   **(3)** names and addresses of any claimants and witnesses;

   **b.** forward to us every notice, demand, summons or other process relating to the accident or occurrence;

   **c.** at our request, help us
   **(1)** to make settlement;
   **(2)** to enforce any right of contribtuin or indemnity against any person or organization who may be liable to any insured;
   **(3)** with the conduct of suits and aattend hearings and trials

Please refer to the following definitions that pertain to this matter within your policy that is titled:
**DEFINITIONS**

   **2.** "Bodily injury: means bodily harm, sickness or disease, including required care, loss of services and death that results.

   **6.** "Occurrence" means an accident, including, including exposure to conditions, which results, during the policy period, in:

    **a.** "bodily injury"; or
    **b.** "property damage"

**7.** "Property Damage" means physical injury to or destruction to tangible property, including loss of use of this property.

We direct you to following exclusions in the Policy under **SECTION II – EXCLUSIONS**:

    **1. Coverage E – Personal Liability and Coverage F – Medical Payments to Others** do not apply to bodily injury or property damage:

      a. which is expected or intended by any **insured;**

      b. arising out of **business** pursuints of any **insured** or rental or holding for rental of any part of any premsies by any **insured**

The Complaint alleges intentional conduct on you and Mr. Haydock's part, and as such does not allege a claim for **"bodily injury"** , **"property damage"** or **"personal injury"** caused by an **"occurrence"** as those terms are defined by the policy for allegations set forth in COUNT I and COUNT III. Furthermore, the Complaint does not allege that the Reichenbachs sustained **"bodily injury"** or "**property damage"**as defined by the policy. The Complaint further alleges injuries or damage excluded from coverage by exclusions A.1 quoted above.

In addition to the above, the policy contains conditions that must be met for coverage to be afforded so as Travelers is not prejudiced by a failure to notify us in a time manner. As noted above, under **SECTION II- CONDITIONS**, any lawsuit or claim must be provided to us as soon as practically possible. As you know these claims are alleged to have begun in 2011 and the lawsuit brought forth by the Reichenbach's was filed in October of 2015 and has been ongoing. Travelers was placed on notice of this lawsuit on July 16, 2019.

At this time, Travelers will provide you and Mr. Haydock with a defense in the Reichenbach lawsuit subject to a full reservation of all rights, including but not limited to the right to disclaim coverage and withdraw from providing a defense should Travelers determine that the policy does not afford coverage for this matter. We request at this time that Mr. Haydock provide us with a copy of his insurance policy. We understand his insurance carrier has fully disclaimed this matter and is not providing defense or indemnification to him.

COUNT II contains allegations of Trespass which appear to be covered as outlined above under **Value Added Package-Plus Endorsement (58065 NY 02-99).** The complaint also alleges invasion of privacy,libel ,slander or defamation and a potential malicious prosecution claim which are coverable per the language noted in the endorsement above. As you know, the defense of this matter has been assigned to Melissa Allison from the Firm of Anderson & Kreigher LLP.

Page 6

This letter is not, and should not be interpreted as a waiver of any of Travelers' rights and/or defenses under the policy and/or applicable law. Travelers specifically reserves all of its rights there under, including the right to amend its coverage position and/or the foregoing reservation of rights as appropriate.

Travelers' position on this matter is based on the information presently available to us. If you have any further information that you feel would be relevant to our coverage determination, please forward that information to me for our consideration. We will carefully consider any information that you provide.

If you have any questions regarding this letter, do not hesitate to contact us.

Very truly yours,

*Nathan Plourde*

Nathan Plourde
The Automobile Insurance Company of Hartford, CT (Travelers)
nplourde@travelers.com

Cc.    Anderson & Kreiger LLP
       Attn: Jane Guevremont & Steven Schrekinger
       50 Milk St., 21st Floor
       Boston, MA 02109

       Timothy Haydock
       28 Mattarest Lane
       South Dartmouth, MA 02748