

Margaret M. Palowski
Complex Claims Unit
Travelers
P.O. Box 430
Buffalo, NY 14240

<u>*SENT VIA CERTIFIED MAIL*</u>

April 11, 2022

Ms. Barbara Ragonese Moss
Dr. Timothy Haydock
84 Croton lake Rd.
Katonah, NY 10536

    File No.:    IAN7660
    Policyholder:  Barbara Ragonese Moss
    RE:    *Margaret J. Reichenbach and John Reichenbach v.*
            *Timothy G. Haydock and Barbara Moss*

Dear Ms. Moss and Dr. Haydock:

As you know, the Travelers Indemnity Company of America ("Travelers") has been providing you with a defense in the lawsuit entitled *Margaret J. Reichenbach and John Reichenbach v Timothy G. Haydock and Barbara Moss* filed in the Superior Court of Bristol County, Massachusetts, subject to a complete reservation of rights as set forth in prior correspondence to you. More specifically, Travelers reserved the right, among others, to deny coverage for any damages either or both of you may be obligated to pay which are not covered under the terms of your policies with Travelers. At a recent mediation of the subject lawsuit, no progress was made toward the settlement of Plaintiffs' monetary demand for $5,000,000. With a trial of the lawsuit scheduled to take place on May 23, 2022, the purpose of this letter is to ensure that you are aware of the limitations of coverage under Ms. Moss' homeowners policy with Travelers.

Travelers recognizes that the allegations stated in the Complaint filed in the lawsuit are unsubstantiated and by addressing the allegations herein, Travelers does not mean to suggest there is any merit to the allegations. The Complaint alleges that you have undertaken a campaign to hinder and/or delay the Plaintiffs from building a new home on their land. It further alleges that you have threatened to damage their reputation and finances; trespassed; barred the Plaintiffs from using the only existing access to their property; attempted to prevent them from constructing an alternate access; falsely imprisoned Plaintiffs' vendors and contractors; engaged in abusive conduct and language directed toward contractors and others working at the site; monitored the Plaintiffs' property with cameras; interrupted construction by talking at and to workers; attempted to force the Town of Dartmouth to require Plaintiffs to obtain a soil removal permit: and have commenced and maintained a constant stream of legal challenges that lacked any reasonable support.

The Complaint asserts three causes of action. Count I entitled **"CIVIL RIGHTS"** alleges violation of M.G.L. Chapter 12 section H and I and Articles I, X, and XII of theMassachusetts Declaration of Rights. Count II entitled **"TRESPASS"** alleges damages for trespassing on the Reichenbach property. Finally, Count III entitled **""TORTIOUS INTERFERENCE WITH**

**CONTRACTUAL ADVANTAGEOUS RELATIONSHIPS"** asserts a claim for tortious interference with contracts.

In the Complaint, the Plaintiffs seek the following relief in addition to an award judgment to the Plaintiffs against Defendants, jointly and severally, on all counts of their Complaint in the amounts the Court feels just and proper:

- Legal, engineering, and construction costs incurred as a result of Defendant's wrongful conduct
- Loss of use and enjoyment of their home.
- Compensation for the mental anguish and apprehension Defendants have caused Mr. Reichenbach and Mrs. Reichenbach:
- Damages resulting from Defendant's trespass on Plaintiffs' property, including security expenses.
- Compensation for mental distress and apprehension.
- Damages sustained as a result of Defendants' interference with Plaintiffs' contractual relations with Lars V. Olson Fine Home Builders:
- Their costs and attorneys' fees incurred in bringing and prosecuting this action.
- Issue a permanent injunction ordering Defendants to refrain from:
  Continuing to violate the Plaintiffs' civil rights, Trespassing on the Plaintiffs' property, Harassing Plaintiffs, their family members, guests, employees, independent contractors and delivery people regarding access and parking, except when someone is interfering with direct access to the property in which they reside or own.
- Restraining the liberty and free movements of persons.
- Crossing over the beach of the Plaintiffs' property.
- Grant Plaintiffs a real estate attachment on the Haydock Property to secure the Judgment awarded.

## The Policies

Travelers issued certain Homeowner and Excess Policies to Barbara Moss (collectively, the "Policies") as follows:

| Policyholder | Policy Number | Policy Period |
|---|---|---|
| Barbara Ragonese Moss | 039863804-633<br>3047852873119(Umbrella) | 10/07/2010 to 10/07/2011 |
| Barbara Ragonese Moss | 039863804-633<br>3047852873119 | 10/07/2011 to 10/07/2012 |
| Barbara Ragonese Moss | 039863804-633<br>3047852873119 | 10/07/2012 to 10/07/2013 |

| | | |
|---|---|---|
| Barbara Ragonese Moss | 039863804-633<br>3047852873119 | 10/07/2013 to 10/07/2014 |
| Barbara Ragonese Moss | 039863804-633<br>93427959 Umbrella | 10/07/2014 to 10/07/2015<br>08/07/2015 to 08/07/2016 |

Each of these Policies contains limits of liability of $300,000 in primary coverage and $1,000,000 in excess coverage.

We refer you to the **HOMEOWNERS 3- SPECIAL FORM, HO-3 (12-86)** in the Policies, which under **Section II- LIABILITY COVERAGES**, as amended by **Value Added Package-Plus Endorsement** (58065 NY 02-99), provides as follows:

### SECTION II - LIABILITY COVERAGES

### COVERAGE E - PERSONAL LIABILITY

If a claim is made or a suit is brought against any insured for damages because of **bodily injury, personal injury** or **property damage** caused by an occurrence to which this coverage applies, we will:

a. pay up to our limit of liability for the damages for which the insured is legally liable; and

b. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate.

The **Value-Added Package-Plus Endorsement** (58065 NY 02-99) defines "personal injury" as:

10. **"Personal injury"** means injury arising out of one or more of the following offenses:
a. False arrest, detention or imprisonment:
b. Malicious prosecution;
c. Libel, slander, or defamation of character; or
d. Invasion of privacy, wrongful eviction, or wrongful entry.

The **Value-Added Package-Plus Endorsement** further provides in pertinent part that the Policies apply only to "**bodily injury, personal injury** or **property damage** under Section II, which occurs during the policy period".

The following pertinent definitions are contained within your Policies:

2. **"bodily injury"** means bodily harm, sickness or disease, including required care, loss of services and death that results.

**8. Other Insurance – Coverage E- Personal Liability.** This insurance is excess over any other valid and collectible insurance except insurance written specifically to cover excess over the limits of liability that apply in this policy.

***

### Reservation of Rights

As set forth above, under Coverage E, the Policies provide coverage in accordance with their terms for a claim made or a suit brought against an "insured" for damages because of "bodily injury", "property damage" or "personal injury" caused by an "occurrence" to which coverage applies. Travelers reserves the right to deny coverage for any claim made or suit brought which fails to satisfy the requirements of the insuring agreement of the Policies.

Counts I and III fail to allege any "bodily injury" or "property damage" as defined under the Policies. In this respect, Travelers notes that emotional distress alone does not constitute "bodily injury". Moreover, Counts I and III also fail to allege any "personal injury" as defined in the Policies. Travelers reserves the rights to deny coverage for all claims contained within Counts I and III of the Complaint.

To the extent that it is determined that the allegations in the Complaint were not caused by an "occurrence" as that term is defined in the Policies, no coverage will be provided. In this regard, much of the conduct at issue in the lawsuit is claimed to have been intentional in nature and as such would not constitute an accident or "occurrence" under the Policies for purposes of establishing "bodily injury" or "property damage".

Coverage will also not apply under the Policies to any "bodily injury" or "property damage" expected or intended from the standpoint of the "insured" as set forth in the exclusion entitled "Expected or Intended Injury". Specifically, noteworthy are the allegations of knowing conduct on the part of the insureds replete within the body of the Complaint.

Count II contains allegations of trespass which are potentially covered as outlined above under **Value Added Package-Plus Endorsement** (58065 NY 02-99), to the extent the allegations support the definition of "personal injury" as set forth in such endorsement. Travelers reserves the right to deny coverage under Count II to the extent there is no "personal injury" as set forth in the Policies, to the extent that any damage does not result from any "personal injury", or as otherwise provided in the Policies. Travelers also advises you that Count II fails to allege any "bodily injury" as defined in the Policies.

Further, the Policies requires that any "bodily injury", "property damage" or "personal injury" must occur during the policy period of the Policies, which is unclear from the allegations. Travelers will continue to investigate to what extent claims may have been occurred during the policy period of the Policies, and reserves the right to deny coverage for any injuries that did not occur within a Travelers' policy period.

This letter is not, and should not be interpreted as, a waiver of any of Travelers' rights and /or defenses under the Policies and/or applicable law. Travelers specifically reserves all of its rights thereunder, including the right to amend its coverage position and/or the foregoing reservation of rights as appropriate.

Sincerely,

*Margaret M. Palowski*

Margaret M. Palowski

cc: Raymond Hickey, Hickey & Hickey